IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:10CR3053 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| AARON WILLIAM POLK, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Aaron William Polk (Polk) has filed a Motion to Vacate under 28 U.S.C. § 2255 essentially claiming that his experienced trial lawyer was ineffective for failing to tell him that if he obtained relief under the safety-valve he could also ask for additional relief by way of a variance or departure so that he could care for his sick child. After initial review, I deny the motion and dismiss it with prejudice[1]. From the files and records and the submissions of Polk, it plainly appears that his counsel was not ineffective. In fact, as I will briefly demonstrate, Polk's claims border on the dishonest.

Following an adverse jury verdict in this conspiracy to manufacture marijuana case (operating "grow houses"), the record shows that an extensive evidentiary

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

hearing was held on Polk's claim to the "safety-valve" (Filing no. 184 at CM/ECF pp. 2-58) and I found that Polk's explanations were "ridiculous." (*Id.* at CM/ECF p. 58.) That record specifically shows that Polk was provided with a "safety-valve" interview with a law enforcement agent and he was also allowed to submit a letter explaining his views.

Still further, the record also establishes that the Court of Appeals thoroughly considered and rejected Polk's claim to the "safety-valve" relief. *United States v. Polk*, 715 F.3d 238, 251-253 (8th Cir. 2013) (District court did not clearly err in finding that drug conspiracy defendant failed to truthfully provide to government all information and evidence that he had concerning his offense, and thus, that defendant was not entitled to relief under safety valve sentencing provision; defendant never admitted to participating in drug conspiracy, which was contrary to jury's verdicts and trial evidence, police officer explained why defendant was untruthful, and district court reviewed recording of safety-valve interview.)

Furthermore, when, during the safety-valve interview, Polk seemed to waiver about telling the truth because of his concern for his family and his daughter, the interviewing officer offered Polk an opportunity to speak privately with his lawyer but Polk declined:

> Q. At the end of the interview, did you observe the defendant?
> A. Yes.
> Q. What occurred at that time?
> A. I spoke with the defendant about telling the truth, and it would be difficult because up until this point it was my opinion that he would have to come clean to his family and people that have sat in the trial for quite some time. And that it would be a difficult thing, but that his family would respect him, and everything in Mr. Polk's life deals around his daughter Candace and her illness. And I told him to put it on a scale. What was more important to him, to tell the truth and let his parents

know and his family know that for this time period he hasn't been doing so. Or the possibility of spending more time with a sick child that he cares for. And at that point I saw Mr. Polk swallow extremely hard. And I then asked Mr. Polk if he wished to speak to his attorney without me present and he denied that and said no.

(*Id.* at CM/ECF pp. 26-27.)

Finally, after I denied the "safety-valve" request and given the inflexibility of the statutory minimum sentence of 120 months, Polk agreed with his lawyer that I should deny as moot any variance or departure motion based upon the health of his daughter. (Filing no. 184 at CM/ECF pp. 61-62.) He did not want me to decide that issue because he wanted a fresh chance should the Court of Appeals reverse on the "safety-valve" question. Having agreed, he is in no position to fault his lawyer.

In short, Polk's claims that his counsel was ineffective are absurd. Indeed, his counsel was both zealous and thorough. In that same vein, Polk suffered no prejudice from the fine work that counsel performed on behalf of Polk.

IT IS ORDERED: The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 204) is denied and dismissed with prejudice. A separate judgment will be entered. No certificate of appealability will be issued by the undersigned.

DATED this 3rd day of September, 2014.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.